# IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> VINCENT JOHN QUITUGUA, <br><br> Defendant. | CRIMINAL CASE NO. 16-00004 <br><br> **DECISION & ORDER RE DEFENDANT'S MOTION FOR THE SUPPRESSION OF EVIDENCE** |

This matter is before the court on a Motion for the Suppression of Evidence filed by Defendant Vincent John Quitugua ("Defendant") on April 20, 2016 (ECF No. 15). After reviewing the parties' submissions, and relevant caselaw and authority, and having heard the testimony of witnesses and argument from counsel on the matter at an evidentiary hearing held on June 14, 2016, the court took the matter under advisement. For the reasons more fully discussed herein, the court hereby **DENIES** Defendant's Motion for the Suppression of Evidence.

## I. CASE OVERVIEW

### A. Procedural Background.

On March 16, 2016, an Indictment was returned by the grand jury charging Defendant with the following offenses: Count I – as to Manufacture of Marijuana; Count II – as to Possession of a Controlled Substance with Intent to Distribute (Marijuana); Count III – as to

1

Possession of a Controlled Substance with Intent to Distribute (Methamphetamine); Count IV – as to Drug User in Possession of a Firearm and Ammunition; Count V – as to Maintaining a Drug-Involved Premises; and forfeiture allegations of firearms and ammunition, U.S. currency, real property, and a money judgment. *See* Indictment, ECF No. 9.

On April 20, 2016, Defendant filed the instant Motion for the Suppression of Evidence. ECF No. 15.

**B.** **Factual Findings.**

Drug Enforcement Agency Task Force Officer ("DEA TFO") Jeffrey Palacios ("Officer Palacios") and DEA TFO Adam S. Grey ("Officer Grey") testified for the United States during the evidentiary hearing. Defendant moved the court to admit four exhibits at the hearing: the search warrant applications and affidavits in MJ Case Nos. 16-00035 and 16-00036 (respectively Exhibits A & B); and the search warrant returns in MJ Case Nos. 16-00035 and 16-00036 (respectively Exhibits C & D). The court admitted all exhibits, and also took judicial notice of the March 3, 2016 recording of the swearing in of both search warrants before U.S. Magistrate Judge Joaquin V.E. Manibusan, Jr.

On March 3, 2016, U.S. Magistrate Judge Joaquin V.E. Manibusan, Jr. issued search warrants to search two different real properties owned by Defendant, located across the street from each other at 170 and 171 Edward Lane, Piti, Guam. *See* Exs. A & B.

In the affidavits supporting the applications, Officer Grey stated why there was probable cause to search the properties. On March 2, 2016, DEA TFO Jimmy Manglona and Officer Palacios debriefed a Source of Information ("SOI") regarding Defendant's drug-related activity.

The SOI stated that he or she was invited to Defendant's property on February 28, 2016 (located at 171 Edward Lane). Defendant provided the SOI a user quantity of methamphetamine, and the two of them smoked the methamphetamine together in the kitchen of the property. The

SOI stated that during that time, Defendant displayed large amounts of methamphetamine, which the SOI approximated to be one pound. The SOI also stated that Defendant bragged about and showed the SOI his indoor grow of marijuana plants, located in three bedrooms of the home and totaling approximately thirty or more plants in each bedroom. The SOI stated that according to his or her experience, the marijuana was considered high grade due to its smell and characteristics. The SOI further stated that the windows of the property were covered in tin foil. The SOI also stated that Defendant resided in and parked his cars at the property across the street (170 Edward Lane), told the SOI that he had owned the property at 171 Edward Lane for several years, and the SOI had seen Defendant travel between the two residences. Further, the SOI stated that Defendant was a math teacher at Jose Rios Middle School, located in Piti, Guam[1] and had been "busted" for "ice" several years ago. The SOI believed that Defendant had been using and dealing methamphetamine and marijuana for several years.

Officer Grey stated in the search warrant application affidavits that past intelligence received from other sources of information and confidential informants had disclosed that a public school teacher named Vincent Quitugua dealt drugs in the Piti area.

On March 3, 2016, DEA officers executed the search warrants at the two properties, and seized, among other things, firearms, ammunition, containers filed with U.S. currency, U.S. passports, containers of a "green leafy-like substance suspected to be marijuana," over a hundred "suspected marijuana plants," and containers of suspected methamphetamine. *See* Exs. C & D.

## II.   STANDARD OF REVIEW

In an evidentiary hearing on a motion to suppress, the defendant has the burden of persuasion, in establishing that his own Fourth Amendment rights were violated by the challenged search or seizure. *United States v. Caymen*, 404 F.3d 1196, 1199 (9th Cir. 2005). The

---

[1] The court takes judicial notice of the fact that Defendant's two residences (located at 170 and 171 Edward Lane) and Jose Rios Middle School are all located in the village of Piti, Guam.

prosecution, as the proponent of the evidence, must bear the burden of proving its admissibility. *See United States v. Coades*, 468 F.2d 1061, 1064 (3d Cir. 1972); *United States v. Colbert*, No. 89-310, 1990 WL 5200 at *1 (D.N.J. January 23, 1990) (citing *Katz v. United States*, 389 U.S. 347 (1967)). On a motion to suppress, the controlling burden of proof imposes no greater burden than proof by a preponderance of the evidence. *See United States v. Matlock*, 415 U.S. 164, 177 n.14 (1974).

## III. DISCUSSION

Defendant moves the court to suppress the evidence seized as a result of the two search warrants issued, because the warrants were issued based exclusively on the information provided by the SOI, without any showing of the credibility or track record of the informant or the reliability of the information supplied.

The Fourth Amendment states, in pertinent part: "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. CONST. AMEND. IV. The probable cause standard for a search warrant is whether, based on common sense considerations, there was "a fair probability that contraband or evidence of a crime would be found in a particular place." *United States v. Ruiz*, 758 F.3d 1144, 1148 (9th Cir. 2014) (internal quotations omitted).

In reviewing a search warrant on probable cause grounds, the court is limited to the information and circumstances contained within the four corners of the underlying affidavit.[2] *See, e.g.*, *Crowe v. City of San Diego*, 608 F.3d 406, 434 (9th Cir. 2010). The evidence in the

---

[2] At the hearing on the motion, defense counsel made a running objection to the line of questioning from the United States, objecting anytime that the United States asked a witness a question that would elicit testimony about something that was not included in the affidavits for the search warrants. The court reserved ruling on the objection, needing to determine which facts were included in the affidavits and which were not. The court hereby sustains defense counsel's objection, and disregards any testimony elicited from the United States' witnesses regarding any facts that were not included in the affidavits supporting the applications for the search warrants.

4

affidavit need not necessarily be admissible, but must be legally sufficient and reliable. *Id.* at 434–35.

When a search warrant is based solely on an informant's tip, the proper analysis is whether probable cause exists from the totality of the circumstances to determine a sufficient level of reliability and basis of knowledge for the tip. *United States v. Bishop*, 264 F.3d 919, 924 (9th Cir. 2001) (citing *Illinois v. Gates*, 462 U.S. 213, 238 (1983)). A deficiency in either the level of reliability or basis of knowledge may be compensated for by a strong showing as to the other, or by some other indicia of reliability. *Gates*, 462 U.S. at 233.

One of the factors that courts consider in reviewing the totality of the circumstances is the informant's basis of knowledge. *Bishop*, 264 F.3d at 925. When considering the basis of knowledge, courts look for how the informant came by his or her knowledge. *Id.* In the present case, the SOI's information was not based on hearsay, but came from first-hand knowledge. The DEA TFOs debriefed the SOI, who stated that he or she was invited to Defendant's property on February 28, 2016, smoked methamphetamine with Defendant, and saw a large amount of methamphetamine and a substantial indoor grow operation of marijuana plants. The SOI stated that Defendant claimed that he had owned the property located at 171 Edward Lane for several years. The SOI also stated that he or she had personally seen Defendant travel between the two properties. The court concludes that the SOI was speaking from first-hand knowledge when he or she spoke with the DEA TFOs about Defendant's methamphetamine activities.

The veracity of an informant's information is also considered when reviewing the totality of the circumstances. *Bishop*, 264 F.3d 919 at 925. The courts may employ a number of methods to determine if an informant's information is reliable. It may be demonstrated through independent police corroboration of the information provided by an informant. *Id.* It may also be established by admission against penal interest. *Id.*; *see also United States v. Patayan Soriano*,

5

361 F.3d 494, 505 (9th Cir. 2003). It is also relevant that an informant is known to the police, rather than anonymous. *Bishop*, 264 F.3d at 926. Finally, a tip that provides detailed predictive information about future events that is corroborated by police observation may be considered reliable. *Gates*, 462 U.S. at 244–46.

In the present case, the SOI told the DEA TFOs that Defendant was a math teacher at Jose Rios Middle School, had been arrested previously for possession of methamphetamine, and had been dealing methamphetamine and marijuana for several years. Police independently corroborated the information provided by the SOI by verifying that Defendant was arrested in 2006 for possession of Schedule I and Schedule II substances.[3] Further, there was corroboration through other sources of information demonstrating the veracity of the SOI—other sources of information and confidential informants involved from past police intelligence corroborated that a public school[4] teacher named Vincent Quitugua dealt drugs in the Piti area. In addition, the SOI's statements were against penal interest because in supplying the information to the DEA TFOs, he or she was admitting to smoking methamphetamine, an illegal activity. Finally, the DEA TFOs debriefed the SOI, who was a known rather than an anonymous source.

Therefore, based on what was contained in the four corners of the affidavits, the court finds that the search warrants for 170 and 171 Edward Lane, Piti, Guam were supported by probable cause.

Because the court finds that the search warrants were supported by probable cause, it need not examine the applicability of the good faith exception to the present case. *United States v. Leon*, 468 U.S. 897, 920–21 (1984); *see also Davis v. United States*, 564 U.S. 229, 238–39

---

[3] Marijuana is in fact a schedule I controlled substance and methamphetamine is a schedule II controlled substance according to 21 U.S.C. § 812, which is consistent with the information supplied by the SOI.
[4] Jose Rios Middle School is a public school.

6

(2011).[5]

## IV. CONCLUSION

Based on the discussion above, the court **DENIES** Defendant's Motion for the Suppression of Evidence. The court will issue a separate trial scheduling order.

**SO ORDERED.**



**/s/ Frances M. Tydingco-Gatewood**
**Chief Judge**
**Dated: Jun 29, 2016**

---

[5] Even if the court found that the search warrants lacked probable cause, which it does not, the good faith exception would apply to prevent the evidence seized from being barred, because Officer Grey's affidavits establish a colorable argument for probable cause. *See, e.g.*, *United States v. Luong*, 470 F.3d 898, 903 (9th Cir. 2006). For the reasons discussed *supra*, the affidavits are "sufficient to create disagreement among thoughtful and competent judges as to the existence of probable cause," which satisfies the good faith exception inquiry. *Id.*